IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 4:07CR30(2) |
| | § | |
| KIMBERLY RAGSDALE | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on June 3, 2009 to determine whether the Defendant violated her supervised release. The Defendant was represented by Robert Arrambide. The Government was represented by Ernest Gonzalez.

On July 9, 2007, the Defendant was sentenced by the Honorable Marcia A. Crone, United States District Judge, to 8 months imprisonment followed by a 3-year term of supervised release for the offense of possession of counterfeit obligations. Defendant began her term of supervised release on December 12, 2008.

On March 18, 2009, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender under Supervision (Dkt. 70). The petition asserts that Defendant violated the following conditions of supervision: (1) Defendant shall refrain from any unlawful use of a controlled substance, and Defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court; (2) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substances, except as prescribed by a physician; (3) Defendant must report to the probation office in the district to which Defendant

is released within 72 hours of release from the custody of the Bureau of Prisons; (4) Defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month; and (5) Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as Defendant is released from the program by the probation officer.

The petition alleges that Defendant committed the following violations: (1) On December 30, 2009 and January 9, 2009, Defendant submitted a urine specimen that tested positive for methamphetamine, and on April 28, 2009, Defendant submitted a urine specimen that tested positive for marijuana; (2) Defendant was released from the Bureau of Prisons on December 12, 2008, and failed to report to the U.S. Probation office until December 23, 2008; (3) Defendant failed to report to the U.S. Probation Office as directed on April 2, 3, and 20, 2009; and (4) Defendant failed to report for drug testing on March 31, 2009, at Keith Lang, LPC.

At the June 3, 2009 hearing, Defendant entered a plea of true to the alleged violation regarding the submission of the positive urine specimens and drug use. As to the other alleged violations, Defendant's counsel stated that while they may be factually true, she had an explanation to justify them. Defendant then testified under oath. Defendant waived her right to allocute before the district judge and her right to file objections to the findings and recommendations of this Court.

Defendant stated that she reported to the U.S. Probation Office within 72 hours of her release but received a voicemail message stating that her probation officer would be out until December 22, 2009. Defendant stated that she left a message and that her probation officer returned the call. Defendant stated that she reported the next day. Defendant also cited transportation and relationship issues with the father of her children, as well as reliance on statements made by her probation officer

and drug counselor, to explain the other alleged violations. Defendant stated that she is now employed, has a good support system, and has been accepted to college.

The Court finds Defendant violated the terms of her supervised release by using methamphetamine and marijuana. After hearing argument from counsel as to the proposed sentence, the Court recommended that Defendant's supervised release be revoked based on those violations.

## **RECOMMENDATION**

The Court recommends that the District Court revoke the Defendant's supervised release. Pursuant to the Sentencing Reform Act of 1984, the Court recommends that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of thirteen (13) months, with no supervised release to follow.

**SIGNED this 4th day of June, 2009.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE